ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| POPULAR AUTO LLC, antes RELIABLE FINANCIAL SERVICES, INC. APELADOS<br><br>V.<br><br>JOSÉ L. RIVERA VÁZQUEZ APELANTE | KLAN202301158 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: PO2022CV02046<br><br>Sobre: Cobro de dinero |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres, la Jueza Rivera Pérez y el Juez Campos Pérez

Ortiz Flores, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de febrero de 2024.

El Sr. José L. Rivera Vázquez comparece ante este Tribunal mediante el recurso de apelación de autos en el que impugna la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce, el 4 de octubre de 2023 y notificada el 10 de octubre de 2023. Por medio del referido dictamen, el foro de instancia dictó sentencia sumaria en la cual impuso a la parte demandada el pago de lo adeudado, así como los intereses acumulados y costas del litigio.

Por los fundamentos a continuación, confirmamos la *Sentencia* apelada.

**I**

El 28 de julio de 2022, Popular Auto LLC presentó una demanda en cobro de dinero en contra del Sr. Rivera Vázquez para reclamar el pago de una deuda. Precisamente, alegó que era cesionario de un contrato de venta al por menor a plazos otorgado por Reliable Financial Services, Inc. con fecha de 20 de agosto de 2016. Mediante dicho contrato el Sr. Rivera Vázquez adquirió un vehículo Honda, modelo HRV del 2016 y se obligó a un primer pago mensual de $620.50 y ochenta y tres (83) pagos mensuales de $479.00. Sostuvo que el apelante incumplió su obligación de pago mensual.

Número Identificador
RES2024_____

Luego de múltiples trámites procesales, Popular Auto presentó una moción de sentencia sumaria en la que adujo que no existían controversias de hecho que requirieran la celebración del juicio. Por su parte, el Sr. Rivera Vázquez expuso que permanecía en disputa lo siguiente: la cantidad exacta de la deuda; si los apelados realizaron requerimientos de pago previos a la presentación de la demanda; y, si al momento de los hechos estaba vigente una póliza de seguro. Atendidas estas mociones, el Tribunal de Primera Instancia dictó sentencia sumaria en la que ordenó el pago de la deuda ascendente a $18,097.54, así como los intereses acumulados al 6.5% anual desde la presentación de la demanda y las costas del litigio.

Inconforme, tras una moción de reconsideración declarada no ha lugar, el Sr. Rivera Vázquez presentó el recurso ante nuestra consideración en el que sostiene que el Tribunal de Primera Instancia cometió los siguientes errores:

> Primer Error: Erró el Tribunal de Primera Instancia (Juez Francisco J. Rosado Colomer) al desestimar el caso, mediante sentencia sumaria, cuando existen controversias sobre hechos materiales.
>
> Segundo Error: Erró el Tribunal de Primera Instancia (Juez Francisco J. Rosado Colomer) al desestimar el caso, mediante sentencia sumaria, basándose en prueba de referencia.

Asimismo, la parte apelada presentó *Oposición a escrito de apelación* en la que sostuvo que no existe controversia alguna en cuanto a su incumplimiento contractual. Precisamente, argumentó que el apelante descansó en meras aseveraciones y que este, durante el descubrimiento de prueba, admitió su deuda. Asimismo, alegó que el apelante había admitido que recibió una carta de cobro del Banco. Finalmente, respecto a la alegada póliza de seguro, sostuvo que no existía evidencia de seguro vigente a la fecha del accidente.

**II**

**A. Sentencia Sumaria**

En nuestro ordenamiento jurídico, la sentencia sumaria responde al propósito de aligerar la conclusión de los pleitos eliminando el juicio en su

fondo, pero siempre y cuando no exista una legítima disputa de hecho a ser dirimida, de modo que lo restante sea aplicar el derecho solamente". *Jusino et als. v. Walgreens*, 155 DPR 560, 576 (2001). Véase, además, *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 676 (2018). Conforme a la Regla 36 de Procedimiento Civil, *supra*, para adjudicar una moción de sentencia sumaria se requiere la presentación de "una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente" bien sea sobre la totalidad de la reclamación o parte de esta.

En este sentido, un hecho material "es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable". *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 110 (2015). Por ello, "[l]a controversia debe ser de una calidad suficiente como para que sea necesario que un juez la dirima a través de un juicio plenario". *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010). Asimismo, [e]l tribunal no tendrá obligación de considerar aquellos hechos que no han sido específicamente enumerados y que no tienen una referencia a los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen.". Regla 36.3(d) de Procedimiento Civil, *supra*.

En armonía con lo anterior, la sentencia sumaria solo debe dictarse en casos claros. Si no existe certeza sobre todos los hechos materiales en la controversia, no procede que se dicte sentencia sumaria. Sin embargo, se ha establecido que la sentencia sumaria, "[p]rocede, aunque se hayan alegado hechos que aparenten estar en controversia, pero cuando el promovente logre demostrar preponderantemente, y mediante dicha prueba documental, que en el fondo no existe controversia sobre los hechos medulares." *Jusino et als. v. Walgreens*, *supra*, a la pág. 577. Ante esta situación, la parte promovida debe "defenderse de la misma forma, es decir, apoyándose a su vez de documentos u otra evidencia admisible." *Id.*

En fin, toda vez que la sentencia sumaria es un remedio de carácter discrecional, "[e]l sabio discernimiento es el principio rector para su uso porque, mal utilizada, puede prestarse para despojar a un litigante de 'su día en corte', principio elemental del debido proceso de ley." *Mgmt. Adm. Servs. Corp. v. E.L.A.,* 152 DPR 599, 611 (2000). Siendo esto así, solo procede que se dicte la sentencia sumaria "cuando surge de manera clara que, ante los hechos materiales no controvertidos, el promovido no puede prevalecer ante el Derecho aplicable y el Tribunal cuenta con la verdad de todos los hechos necesarios para poder resolver la controversia." *Meléndez González v. M. Cuebas*, *supra*, a las págs. 109-110. De haber alguna duda acerca de la existencia de una controversia sobre los hechos medulares y sustanciales del caso deberá resolverse contra la parte que solicita la moción, haciendo necesaria la celebración de un juicio. *Rivera et al. v. Superior Pkg., Inc. et al*, 132 DPR 115,133 (1992).

Según se ha reiterado jurisprudencialmente, este tribunal revisor se encuentra en la misma posición que el foro de primera instancia al determinar si procede o no una sentencia sumaria. Sin embargo, al revisar la determinación del tribunal primario, estamos limitados de dos maneras: (1) considerar solamente los documentos que se presentaron ante el foro de primera instancia; y (2) determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó de forma correcta. Esto es, estamos impedidos de adjudicar los hechos materiales esenciales en disputa. *Vera v. Dr. Bravo*, 161 DPR 308, 334-335 (2004). El deber de adjudicar hechos materiales y esenciales es una tarea que le compete al Tribunal de Primera Instancia y no al foro intermedio. Por consiguiente, el Tribunal Supremo en *Meléndez González et al. v. M. Cuebas*, *supra*, estableció el estándar que debemos utilizar como tribunal revisor al momento de evaluar determinaciones del foro primario en las que se conceden o deniegan mociones de sentencia sumaria.

En lo pertinente, dispuso que "[l]a revisión del Tribunal de Apelaciones es *de novo* y debe examinar el expediente de la manera más

favorable hacia la parte que se opuso a la Moción de Sentencia Sumaria en el foro primario". *Id.* en la pág. 118. Además, reiteró que por estar en la misma posición que el foro primario, debemos revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma recopilados en la Regla 36 de Procedimiento Civil. *Id.* Asimismo, se ha pautado que "[l]os jueces no están constreñidos por los hechos o documentos evidenciarios que se aduzcan en la solicitud de sentencia sumaria" y que "[d]eben considerar todos los documentos en autos, sean o no parte de la solicitud, de los cuales surjan admisiones que hagan las partes." *Vera v. Dr. Bravo*, 161 DPR 308, 333 (2004).

### B. Cobro de dinero

El Código Civil de Puerto Rico dispone en su Artículo 1230 que "[e]l contrato es el negocio jurídico bilateral por el cual dos o más partes expresan su consentimiento en la forma prevista por la ley, para crear, regular, modificar o extinguir obligaciones. 31 LPRA sec. 9751. Además, "[l]o acordado en los contratos tiene fuerza de ley entre las partes, ante sus sucesores y ante terceros en la forma que dispone la ley". *Id.* sec. 9754. Así pues, los contratos se perfeccionan "desde que las partes manifiestan su consentimiento sobre el objeto y la causa, salvo en los casos en que se requiere el cumplimiento de una formalidad solemne o cuando se pacta una condición suspensiva. *Id.* sec. 9771.

En Puerto Rico el principio de la autonomía de la voluntad rige la contratación. Este principio le concede amplia libertad de acción a las partes que desean obligarse. *BPPR v. Sucn. Talavera*, 174 DPR 686, 693 (2008). En nuestro ordenamiento jurídico esta norma está recogida en el Artículo 277 del Código Civil, el cual dispone que "[e]s facultativo contratar o no hacerlo, y hacerlo, o no, con determinada persona. 31 LPRA sec. 9753. Además, establece que "[l]as partes pueden acordar cualquier cláusula que no sea contraria a la ley, a la moral o al orden público". *Id.*; *Álvarez v. Rivera*, 165 DPR 1, 17 (2005); S.L.G. *Irizarry v. S.L.G. García*, 155 DPR 713, 724 (2001). Estas normas reconocen la autonomía de la

voluntad de las partes contratantes que han escogido obligarse mutuamente.

En cuanto a la interpretación de los contratos, si los términos de un contrato son claros y no dejan duda sobre la intención de los contratantes, se estará al sentido literal de sus palabras. 31 LPRA sec. 6342. Los términos de un contrato son claros cuando pueden ser entendidos en un único sentido, sin lugar a dudas o controversias, sin diversidad de interpretaciones para su compresión. *C.F.S.E. v. Unión de Médicos*, 170 DPR 443, 450 (2007).

Respecto al contrato de préstamo, el Código Civil dispone que este consiste en aquel en que "el prestamista se obliga a entregar al prestatario, a título de propiedad, una determinada cantidad de bienes fungibles y este se obliga a restituir al prestamista esa misma cantidad de bienes, de la misma especie y calidad". 31 LPRA sec. 10081. Los elementos para que proceda una acción de cobro por incumplimiento de contrato basta con que el demandante demuestre: (a) que existe una deuda válida; (b) que no se ha pagado, y (c) que es el acreedor y el demandado su deudor. *General Electric v. Concessionaires, Inc.*, 118 DPR 32, 43 (1986). Una deuda es exigible cuando el acreedor requiere que esta debe ser satisfecha y reclama su cumplimiento. *Jarra Corp. v. Axxis Corp.*, 155 DPR 764, 772 (2001). Cuando haya controversias sobre si la deuda es líquida y exigible o no, la cuantía debe ser objeto de prueba. *Vizcarrondo Morales v. MVM, Inc.*, 174 DPR 921, 937 (2008).

### C. Prueba de referencia

El propósito principal de las Reglas de Evidencia "es el descubrimiento de la verdad en todos los procedimientos judiciales". Regla 102 de Evidencia, 32 LPRA Ap. VI. Estas Reglas definen *prueba de referencia* como una declaración que no sea la que la persona declarante hace en el juicio o vista, que se ofrece en evidencia para probar la verdad de lo aseverado. *Id.* R. 801(c). Como norma general, este tipo de evidencia es inadmisible en los procedimientos judiciales. *Id.* R. 804. Sin embargo,

existen excepciones al principio general de exclusión de prueba de referencia, entre estas se encuentra la contemplada por la Regla 805(f) de Evidencia, *Id.*

Como es sabido, los *récords de actividades que se realizan con regularidad* constituyen declaraciones que podrían ser admisibles como excepción a la regla de exclusión si la parte con interés de presentarlos cumple los parámetros fijados por la Regla 805(f), a saber:

1) que el documento se haya preparado en o cerca del momento en que ocurrieron los sucesos o actividades allí mencionadas;
2) que este haya sido realizado por una persona que tiene conocimiento de dichos asuntos o mediante información transmitida por esta;
3) que esos récords se hayan efectuado en el curso de una actividad de negocios realizada con regularidad;
4) que la preparación de estos se hizo en el curso regular de la referida actividad de negocio; y
5) que el custodio o alguna otra persona testigo cualificada declare sobre estos asuntos, o se presente una certificación que cumpla con las disposiciones de la Regla 902(k) de Evidencia o con algún estatuto que autorice dicha certificación, a menos que la fuente de información, el método o las circunstancias de su preparación inspiren falta de confiabilidad en cuyo caso el tribunal excluirá la evidencia.

Solo mediante la presentación de la antepuesta evidencia es que la parte que interesa someter como prueba los "récords de actividades que se realizan con regularidad" sienta adecuadamente las bases para su admisión y por tanto cumple con el requisito de autenticación. "Los fundamentos de esta excepción a la regla general de exclusión de prueba de referencia descansan en razones de necesidad, confiabilidad, experiencia y en el carácter rutinario del documento". *Muñiz Noriega v. Muñoz Bonet*, 177 DPR 967, 985 (2010).

**III**

El apelante sostiene en el recurso de epígrafe que existían hechos en controversia que impedían que el Tribunal de Primera Instancia dictara sentencia sumaria y que ameritaban dilucidarse mediante la celebración del juicio en su fondo. Específicamente, apuntó que se encuentra en controversia el monto de la deuda, lo que constituye una cuestión

fundamental que no puede resolverse sumariamente. Añadió que existía una discrepancia en cuanto a los requerimientos de pago aducidos por los apelados. Finalmente, como segundo señalamiento de error, argumentó que la declaración jurada de Lourdes Mojica Fernández constituye prueba de referencia que no cumple con los estándares para fundamentar una moción de sentencia sumaria. La moción de sentencia sumaria planteó los siguientes hechos incontrovertidos:

1. La parte demandante, Popular Auto, LLC, es una Institución Bancaria debidamente inscrita y autorizada a hacer negocios en Puerto Rico, con oficinas localizadas en el edificio Caparra Center 1451 Ave. F.D. Roosevelt, San Juan, P.R. 00920-2717 y con dirección postal en el P.O. Box 70370, San Juan P.R. 00936-8370, teléfonos: (787) 792-9292 y (787) 751-4848, con número de seguro social patronal #66-0453249.

2. La dirección de la parte demandada es Urb. Glenview, Calle W-23 #A-40, Ponce P.R. 00731 y dirección postal en Urb. Glenview, A-40 Calle Estancia, Ponce, P. R. 00730-1619.

3. La parte demandada suscribió el 20 de agosto de 2016 un contrato de venta al por menor a plazos con Popular Auto LLC. con el número 83000121259650001, mediante el cual adquirió un vehículo de motor marca HONDA del año 2016, modelo HRV, serie 3CZRU5H58GM731625. (Exhibit 1 - Contrato de Venta al Por Menor a Plazos de Vehículos).

4. El Sr. José L. Rivera Vázquez compareció en dicho contrato como comprador. (Exhibit 1 - Contrato de Venta al Por Menor a Plazos de Vehículos).

5. Bajo dicho contrato la parte demandada se obligó a efectuar un primer pago mensual de mensual [sic.] de $620.50 dólares y 83 pagos mensuales posteriores de $479.00 dólares. (Exhibit 1 - Contrato de Venta al Por Menor a Plazos de Vehículos).

6. Que la parte demandante ha realizado gestiones para el cobro de las sumas adeudadas, habiendo resultado las mismas infructuosas. (Exhibit 2 - Declaración Jurada de la Sra. Lourdes Mojica Fernández).

7. La parte demandada conocía que la falta de pago del vehículo objeto del Contrato de Venta al Por Menor a Plazos de Vehículos, tendría la consecuencia de hacer líquida y exigible la deuda resultante de dicho incumplimiento. (Exhibit 1 - Contrato de Venta al Por Menor a Plazos de Vehículos).

8. La parte demandada es responsable de la cantidad adeudada tras el incumplimiento con el Contrato de Venta al Por Menor a Plazos de Vehículos. (Exhibit 2 - Declaración Jurada de la Sra. Lourdes Mojica Fernández).

9. Que ante dicho incumplimiento la parte demandada le adeuda a la parte demandante la suma total de $18,097.54 dólares, más los honorarios de abogado, por el incumplimiento del contrato y según pactados ascienden a la cantidad de $904.88 dólares. (Exhibit 2 - Declaración Jurada de la Sra. Lourdes Mojica Fernández).

Respecto a los hechos #1 y #2, el apelante los reconoció como incontrovertidos. Sin embargo, en cuanto a los hechos #3, #4, #5 y #7 sostuvo que los apelados incumplieron los requisitos de la Regla 36.3 de Procedimiento Civil, *supra*, la cual establece que la moción debe incluir una "indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia". Adujo que al no consignar los párrafos o páginas específicas expuso al Tribunal y a la propia parte a adivinar en qué parte de los exhibits se encuentra lo propuesto como hecho incontrovertido. Por lo cual, expuso que el Tribunal de Primera Instancia debía tomarlos por no puestos.

Por otro lado, sobre los hechos incontrovertidos sugeridos por los apelados #8 y #9 sostuvo que estos se encontraban en controversia. Alegó que estos en realidad eran conclusiones de derecho que, mediante una declaración jurada, pretendían establecer un hecho libre de controversias. Así, expuso que, conforme a *Corp. Presiding Bishop CJC v. Purcell*, 117 DPR 714, 722 (1986), "en un procedimiento de sentencia sumaria las declaraciones juradas que contienen sólo conclusiones, sin hechos específicos que las apoyen, no tienen valor probatorio, siendo, por lo tanto, insuficientes para demostrar la existencia de lo que allí se concluye". Razón por la cual, sostuvo que había controversia sobre la cantidad exacta de la deuda. Para fundamentar su reclamo de controversia, adujo que en la pregunta 11 del interrogatorio expresó lo siguiente:

Luego para el mes de marzo al verificar la cuenta del préstamo de auto con el banco Popular, el balance era 0 y no marcaba ningún balance en la cuenta del préstamo. Luego de esto me comunique con un funcionario del Banco Popular para verificar el estatus del préstamo y el mismo me indic[ó] que el préstamo ya estaba cancelado en su totalidad.

Además, señaló que, ante la pregunta 20 en la que se le cuestionó la suma total adeudada, contestó "ninguna".

En segundo lugar, respecto al hecho #6, adujo que había controversia sobre si Popular Auto hizo requerimientos de pago sobre las deudas reclamadas. Fundamentó su reclamo en su contestación a la pregunta 17 del interrogatorio que le fue cursado cuando, respecto a si le habían hecho requerimientos de pago, respondió que "[n]o, solo los de la presente demanda". Por consiguiente, adujo que había controversia de hechos al respecto.

Tercero, arguyó que existía controversia sobre si el vehículo en cuestión tenía una cubierta de seguro para cubrir los gastos. Precisó que, al contestar la demanda, levantó como defensa afirmativa que "[e]l vehículo mencionado en la demanda para la fecha del accidente estaba asegurado para cubrir los gastos reclamados en la demanda". De igual forma contestó la pregunta 49 del interrogatorio en la que indicó que "[l]a cuenta ten[í]a un seguro de cuenta con el banco que garantizaba la deuda del préstamo", "[p]or lo que el banco debió haber reclamado el balance adeudado".

Debido a que se trata de una adjudicación mediante el mecanismo de sentencia sumaria, el Tribunal de Apelaciones se encuentra en posición para revisar *de novo*. Veamos.

Respecto al primer señalamiento de error, el apelante sostiene que existían hechos en controversias que impedían la disposición de la demanda en su contra mediante el mecanismo de sentencia sumaria. Precisó que los hechos #8 y #9 fueron debidamente controvertidos por este al hacer referencia a sus contestaciones al interrogatorio cursado por Popular Auto.

En primer lugar, sostuvo que el hecho #8 constituye una conclusión de derecho que correspondía al Tribunal adjudicar. El hecho #8 estableció lo siguiente:

> 8. La parte demandada es responsable de la cantidad adeudada tras el incumplimiento con el Contrato de Venta al Por Menor a Plazos de Vehículos. (Exhibit 2 -Declaración Jurada de la Sra. Lourdes Mojica Fernández).

Este hecho no constituye una conclusión de derecho puesto que lo establecido es que el apelante fue parte contratante en el convenio en controversia. Así surge del contrato en el que el Sr. José L. Rivera Vázquez se obligó a responder por los pagos adeudados conforme a los términos allí pactados. Además, dicha contención no constituye una oposición valida a un propuesto hecho incontrovertido. Recuérdese que para demostrar la existencia de controversias de hecho se requiere hacer referencia a declaraciones juradas o evidencia que demuestre la existencia de elementos que requieren ser dirimidos en un juicio plenario.

Segundo, el apelante señaló que existía controversia sobre el monto adeudado, sobre los requerimientos de pago previos a la presentación de la causa de acción y sobre la existencia de una póliza de seguro. Por otro lado, el hecho incontrovertido #9 sugerido por la parte apelada, estableció lo siguiente:

> 9. Que ante dicho incumplimiento la parte demandada le adeuda a la parte demandante la suma total de $18,097.54 dólares, más los honorarios de abogado, por el incumplimiento del contrato y según pactados ascienden a la cantidad de $904.88 dólares. (Exhibit 2 - Declaración Jurada de la Sra. Lourdes Mojica Fernández).

Según surge del expediente ante nuestra consideración, el Tribunal de Primera Instancia tuvo la oportunidad de atender el reclamo del apelante en cuanto a la existencia de una póliza de seguros vigente al momento de los hechos. Precisamente, el foro primario emitió una *Minuta* el 19 de mayo de 2023 en la que se documentó el descubrimiento de prueba, en el cual la parte apelada sostuvo que la alegada póliza de seguros venció doce (12) meses antes del accidente.[1] La parte apelante quedó pendiente de producir los documentos que evidenciaban la vigencia de una cubierta de seguros, así como un documento del Banco Popular que reflejaba que la deuda había sido salda. El Tribunal ordenó la producción de los documentos en el término de quince (15) días. Así las cosas, ante la falta de producción de

---

[1] *Minuta*, Apéndice de Apéndice de la *Oposición a apelación*, en las págs. 7-9.

los referidos documentos, la parte apelada presentó su moción de sentencia sumaria, la cual fue adjudicada por el foro primario.

Examinado el expediente ante nuestra consideración, particularmente la moción de sentencia sumaria y su oposición, confirmamos la sentencia apelada. Precisamente el apelante no logró controvertir los hechos sugeridos por los apelados. Su contención de que existía controversia sobre el monto de la deuda quedó rebatida por prueba admisible que surge de la declaración jurada de la Sra. Lourdes Mojica Fernández y la producción de documentos solicitados por el apelante durante el descubrimiento de prueba.

Precisamente, el apelante cursó un interrogatorio en el que solicitó a los apelados que "[p]rovea copia de toda la evidencia documental que usted se propone utilizar en la vista del juicio en su fondo". Entre los documentos provistos a partir de dicho requerimiento se encuentran avisos de cobro,[2] notificación de venta del vehículo en cuestión,[3] contrato de venta,[4] facturas,[5] solicitud de préstamo,[6] documentos relacionados a la entrega del vehículo,[7] y sobre el estado del préstamo.[8] Revisados estos documentos, surge del "portfolio" de préstamo que, al 25 de mayo de 2022 el balance adeudado por el Sr. Rivera-Vázquez, Jose L. ascendía a $18,097.54. Por tanto, no existe controversia respecto al monto adeudado por el apelante. El Tribunal de Primera Instancia no erró al dictar sentencia sumaria debido a que, conforme surge de una *Minuta*, el apelante quedó pendiente de producir un alegado documento que reflejaba la contención de este sobre el balance $0 de su deuda. Sin embargo, transcurrió el término establecido por el foro de instancia para culminar el descubrimiento de prueba sin que produjera el referido documento.

---

[2] *Contestación a interrogatorio*, Apéndice de la *Oposición a apelación*, en las págs. 18 y 20.
[3] *Id.* en la pág. 19.
[4] *Id.* en las págs. 3-6.
[5] *Id.* en las págs. 23-24.
[6] *Id.* en la pág. 25.
[7] *Id.* en las págs. 26-29.
[8] *Id.* en las págs. 30-31.

Además, a pesar de que el apelante sostuvo que al momento del accidente estaba vigente una póliza de seguro, surge del expediente ante nuestra consideración lo contrario. Mediante una moción por derecho propio, el apelante sometió ante el Tribunal de Primera Instancia evidencia sobre una cubierta de seguros vigente desde el 01/02/2018 hasta el 01/02/2019.[9] Sin embargo, el accidente en el que el vehículo en cuestión se afectó aconteció en diciembre del 2019. Por consiguiente, la evidencia provista para sostener la cubierta de algún seguro fue insuficiente para controvertir el hecho propuesto bajo ese fundamento.

Por otro lado, tampoco procedía el argumento del apelante de que los apelados no particularizaron las páginas y párrafos sobre los que se fundamentaron los hechos incontrovertidos propuestos. Sabido es que el foro de instancia retiene discreción para adjudicarlos. La Regla 36.3(d) de Procedimiento Civil, *supra*, establece que el foro primario no tiene la obligación "de considerar cualquier parte de una declaración jurada u otra prueba admisible en evidencia a la cual no se haya hecho referencia en una relación de hechos". Por consiguiente, la falta de estas indicaciones no representaba un impedimento para que el foro de instancia ejerciera su autoridad al atender la moción de sentencia sumaria.

Finalmente, el Tribunal de Primera Instancia tampoco incurrió en el segundo señalamiento de error referente a que la declaración jurada de la Sra. Lourdes Mojica Fernández constituía prueba de referencia. Conforme a lo antes expresado, constituye prueba de referencia aquella aseveración oral o escrita, o conducta no verbalizada que hace una persona para probar la verdad de lo aseverado. En este caso, el apelante adujo que la declaración jurada de la Sra. Lourdes Mojica Fernández no cumplió las disposiciones de la Regla 805(f) para ser admisible. Específicamente apuntó a que de la declaración jurada no surge que esta fuera responsable de la custodia de los documentos generados en el curso ordinario del negocio de los apelados.

---

[9] *Moción*, Apéndice de la *Oposición a apelación*, en la pág. 38.

No obstante, del expediente ante nuestra consideración surge que el rol de la declarante fue objeto de descubrimiento de prueba. Entre las contestaciones al interrogatorio, se declaró que este era supervisora en la división legal de Banco y que llevaba treinta (30) años ocupando esa posición.[10] Además, los documentos acompañados por los apelados los cuales fueron admitidos y utilizados para dictar sentencia sumaria cumplen los criterios contemplados por las Reglas de Evidencia. Precisamente, constituye un informe o compilación de datos preparado cerca del momento por una persona que tiene conocimiento sobre estos como empleada de la institución.

**IV**

Por los fundamentos antes expresados, confirmamos la *Sentencia* apelada.

**Notifíquese.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[10] *Contestación a interrogatorio*, Apéndice de la *Oposición a apelación*, en la pág. 12.